TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00096-CV






Thomas Terry, Jr. and derivatively Cardiac Services of Texas, Inc. and 

Cardiac Services of Austin, L.P., Appellants


v.


Darrell Sargent; Cardiac Products of Texas, Inc.; Cardiostaff Corporation; and
Larry Lawson, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN304065, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






O R D E R



 Appellees filed a motion to dismiss this appeal, asserting that appellant Tom Terry
has failed to take any action to prosecute this appeal since the date of the original notice of appeal
on February 9, 2007. The appeal was originally dismissed for want of prosecution on July 3, 2007,
but was reinstated on August 13, 2007, after it was brought to the Court's attention that Terry had
filed for bankruptcy. The filing of a bankruptcy petition triggers an automatic stay of all appellate
proceedings. Tex. R. App. P. 8.2. Appellees argue that the automatic stay applies only to suits and
claims brought against a bankruptcy debtor and is therefore not applicable to this appeal because
Terry was the plaintiff in the underlying litigation. 

 Under federal law, an automatic stay triggered by a bankruptcy filing applies only to
claims brought against a debtor. See 11 U.S.C.A. § 362 (West 2004 & Supp. 2007). However, the
Texas Rules of Appellate Procedure do not make such a distinction, stating only that "[a] bankruptcy
suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed
until the appellate court reinstates or severs the appeal in accordance with federal law." Tex. R.
App. P. 8.2 (emphasis added). Because the rule applies to any party to the trial court's judgment,
we will "read the italicized phrase 'in accordance with federal law' as modifying the reinstatement
and severance procedures more fully described in Rule 8.3." Burns v. Burns, 974 S.W.2d 820, 821
(Tex. App.--San Antonio 1998, no pet.). Although Terry was the plaintiff in the trial court, he is
entitled to an automatic suspension of this appeal, pursuant to the Texas Rules of Appellate
Procedure. See id. at 820. Accordingly, appellee's motion to dismiss is denied.

 It is so ordered October 10, 2007.


 __________________________________________

 Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson